## SPECHT ET AL. *v.* WILLIAMSON ET AL.

PRACTICE.—*Amended Complaint.*—Where an amended complaint is filed, covering all the matter contained in the original complaint and the amendments thereto, if any, the original complaint ceases to be a part of the record, and the answers which have been filed to it, if any, go out of the record with it.

SAME.—*Reasons for New Trial.*—That the finding and judgment of the court should have been for the defendant instead of for the plaintiff, is not, in form, one of the statutory reasons for a new trial.

From the Spencer Circuit Court.

*L. Q. DeBruler* and *C. A. DeBruler*, for appellants.

*W. H. Blount, E. R. Hatfield, T. F. DeBruler*, and *C. E. DeBruler*, for appellees.

DOWNEY, J.—Action by the appellees against the appellants Specht, Laird, Kramer, and Jacobs, on a promissory note executed by the defendants to the Rockport Banking Company, dated November 20th, 1871, at ninety days, payable at the house of said banking company, alleged to have been sold and transferred by delivery to the plaintiffs. The company was made a party defendant, to answer as to its interest in the assignment. Specht, the principal in the note, made default, and judgment was rendered against him.

To the original complaint, there was an answer of five paragraphs by the other defendants, and a reply thereto. Leave was then granted to the plaintiffs to amend the complaint, and an amended complaint was filed. In the amended complaint, the persons composing the banking company are

named as parties, instead of the company. They are not parties to the appeal. The defendants Laird, Kramer, and Jacobs, answered by a general denial. There was a trial by the court, a finding for the plaintiffs, a motion for a new trial overruled, and judgment on the finding. The refusal of the court to grant a new trial is the error alleged.

It is necessary, in the first place, to ascertain the condition of the record. This is easily done by the application of well settled rules of practice. When an amended complaint is filed, covering all the matter contained in the original complaint and the amendments thereto, if any, the original complaint ceases to be a part of the record, and the answers which have been filed to it, if any, go out of the record with it, as a necessary consequence. 2 G. & H. 273, sec. 559; *Yancy* v. *Teter,* 39 Ind. 305 ; *Miles* v. *Buchanan,* 36 Ind. 490. To the amended complaint in this case, applying this rule, there was no answer but a general denial.

The reasons for a new trial, as stated in the motion, are as follows :

1. That the finding and judgment of the court are contrary to law and to the evidence given on the trial of said cause.

2. That the finding and judgment of the court should have been for the said defendants John Kramer, Jesse W. Laird, and William Jacobs, instead of for the plaintiffs.

The last of these reasons is not, in form, any of the reasons mentioned in the statute for which a new trial may be granted. 2 G. & H. 211, sec. 352. Perhaps it is embraced in the first reason.

We cannot see that the finding is contrary to law. Is it contrary to the evidence, or, in the language of the statute, " not sustained by sufficient evidence ?"

The persons composing the banking company answered, that they had no interest in the note on which the action was brought. What evidence was necessary to make out the plaintiffs' case? The fact of the execution of the note by the defendants was not in any way disputed. Conceding

that it was necessary for the plaintiffs, under the general denial, after the payees had disclaimed any interest in the note, to prove the sale and transfer of it by the payees to them, we think the court might properly have found that fact from the evidence before it.

The judgment is affirmed, with two per cent. damages and costs.