## Bozarth v. McGillicuddy et al.

[No. 1,976. Filed June 1, 1897. Rehearing denied January 7, 1898.]

Practice.—*Amended Complaint.—Discretion of Court.*—The filing of an amended complaint is within the discretion of the trial court, and it will be presumed on appeal that permission was given to file same. p. 29.

Same.—*Amended Complaint Supersedes Original.*—An amended complaint supersedes the original complaint and the original complaint, together with the pleadings addressed thereto, ceases to be a part of the record. p. 29.

Same.—*Street Improvements.—Foreclosure of Assessment.—Trial by Jury.*—In an action to foreclose an assessment for street improvements, under section 4294, Burns' R. S. 1894, neither party is entitled to a jury. pp. 30, 31.

Same.—*Street Improvements.—Foreclosure of Assessment.—Precept. —Jurisdiction.*—Section 4294, Burns' R. S. 1894, does not require a contractor, to file an affidavit for a precept to collect assessments for street improvements prior to bringing an action to foreclose such assessment liens, nor is it required that bonds or certificates for or an account of the improvements be issued. p. 31.

Street Improvements. — *Foreclosure of Assessment Liens. — Complaint.—Sufficiency.—Municipal Corporations.*—Where a complaint in an action to foreclose a lien for street improvements avers that the contract was let to the lowest bidder after the council had advertised for bids, and that thereafter the engineer made and reported estimates of said work according to law, and the estimates made were adopted and assessments made by the common council in accordance therewith, it will be presumed, nothing appearing to the contrary, that the engineer and common council did their duty and that the work was done according to contract. pp. 31-33.

Bozarth *v.* McGillicuddy *et al.*

STREET IMPROVEMENTS.— *Foreclosure of Assessment Liens.* — *Complaint.*—*Sufficiency.*— *Municipal Corporations.*—The defendant in an action to foreclose an assessment lien for street improvements was not prejudiced in his rights by the refusal of the court to sustain a demurrer to the complaint for failure to allege that the improvement was made according to contract, where defendant alleged in his answer that the work was not done according to contract, and the cause was tried on the issue thus raised. *pp. 33, 34.*

SAME.—*Notice.*—The provision of the statute as to notice of time and place where objections may be made to the necessity of street improvements is not imperative. *p. 35.*

PRACTICE.—*Complaint.*— *Demand.*— *Judgment.*—In the absence of an answer the relief granted cannot exceed the relief demanded, but if the defendant answer, the court may grant such relief as the case made may justify, whether specially demanded or not. *pp. 35, 36.*

STREET IMPROVEMENTS.—*Discretion of Common Council.*—Under the provision of section 4288, Burns' R. S. 1894, the common council is authorized to grade or pave any part of the street or sidewalk it may deem beneficial to the public. *p. 36.*

SAME.—*Advertisement for Bids.*— *Notice.*— *Publication.*— A notice that a contract for street improvements would be let June 16, published May 25, June 1 and June 8, was published three weeks as required by statute. *pp. 36, 37.*

EVIDENCE.—*Objections.*—An objection made to the admission of evidence which is not pointed out to the trial court will not be considered on appeal. *p. 37.*

STREET IMPROVEMENTS.—*Advertisement for Bids.*—*Sufficiency.*—An advertisement for the improvement of certain streets according to the plans and specifications contained in a resolution therefor passed by the common council is sufficiently definite as to the proposed work. *p. 37.*

EVIDENCE.—*Contract.*—Where the question of the performance of a contract was made an issue by the answer it was not error to admit it in evidence. *p. 38.*

From the Porter Circuit Court. *Affirmed.*

*Nelson J. Bozarth,* for appellant.

*William Johnston,* for appellees.

COMSTOCK, J.—This was a proceeding by the appellees against the appellant to foreclose a lien for street improvements of Napoleon street, in the city of Valparaiso, made on the property named in the com-

plaint. Accompanying the complaint is a copy of the resolution adopted by the common council of Valparaiso assessing the costs of the improvement, and showing assessment against the property of appellant, Nelson J. Bozarth, of $391.60. To the original complaint the defendant filed a demurrer, which was overruled, whereupon answers and replies were filed. After the filing of the amended complaint the record contains the following entry: "And thereupon the several answers and replies are refiled as heretofore filed to the complaint, and now the defendant Bozarth withdraws all demurrers filed by him except as to the complaint." The Laporte Savings Bank and Claresa J. Stevens were made parties as mortgagees to answer to their respective interests, etc. The defendants below filed a joint answer in abatement, setting forth that plaintiffs, prior to the commencement of the action, had not filed with clerk of the city of Valparaiso an affidavit for a precept to collect the assessment as required by statute, and that they had not, in any other legal way, attempted to collect the same through the officers of the common council, nor taken any steps to collect the same other than the commencement of this action. The answer also avers that no bonds or certificates for or on account of the alleged improvement were issued or given or assigned by the city to plaintiffs, and further avers that the court had no jurisdiction. The court sustained a demurrer to this plea in abatement. As Stevens and the savings bank have not joined in the appeal, it is unnecessary to refer to their separate answers. Appellant, Bozarth, answered in ten paragraphs. First, general denial. As no question arises upon any of the pleadings but the complaint and plea in abatement, it is not necessary to set them out in detail.

A trial was had by the court, and a finding and

Bozarth v. McGillicuddy et al.

judgment in favor of the appellees for $——; motion made by the appellant for a new trial, which motion was overruled, and exception taken. The errors assigned are: (1) Overruling appellant's motion for a trial by jury. (2) Sustaining demurrer to the answer in abatement. (3) Overruling motion to make complaint more specific. (4) Overruling motion to strike out parts of the complaint. The fifth, eighth, ninth, and eleventh assignments call in question the sufficiency of the complaint. (6) Overruling motion to strike from the files the amended complaint. (7) Overruling motion for a new trial. (10) That the court had not jurisdiction of the subject-matter of the action.

The record discloses the filing of an amended complaint over the objection of appellant. The filing of the amended complaint was clearly within the discretion of the court, and it will be presumed that leave was given. *McMakin* v. *Weston*, 64 Ind. 270; *Bever* v. *North*, 107 Ind. 544; *Gardner* v. *Case*, 111 Ind. 494; *Louisville, etc., R. W. Co.* v. *Hubbard*, 116 Ind 193. This amended complaint supersedes the original, so that it ceased to be a part of the record together with the pleadings addressed thereto. *Kirkpatrick* v. *Holman*, 25 Ind. 293; *Specht* v. *Williamson*, 46 Ind. 599; *Trisler* v. *Trisler*, 54 Ind. 172; *Westerman* v. *Foster*, 57 Ind. 408; *Britz* v. *Johnson*, 65 Ind. 561.

The answers theretofore filed to the original complaint and the replies thereto were refiled. The defendant Bozarth withdrew the demurrers filed by him except as to the complaint, and the record fails to show that a demurrer was filed to the amended complaint, but, as the eleventh error assigned is that the amended complaint does not state facts sufficient to constitute a cause of action, its sufficiency may be questioned in this appeal for the first time. *McClure*

v. *McClure*, 19 Ind. 185; *Livesey* v. *Livesey*, 30 Ind. 398; *Buchanan* v. *Lee*, 69 Ind. 117; *Wright* v. *Norris*, 40 Ind. 247.

We will consider the alleged errors in the order of their assignment. This being a proceeding to collect an assessment for street improvements, which is, by statute, made a lien on the property, the value of which is presumed to be enhanced by the improvement, is governed by section 4294, Burns' R. S. 1894, which provides that: "Any owner of any lot who has been assessed more than the sum of fifty dollars thereon for the cost of such improvement who will not promise and agree in writing as hereinbefore provided, and all other owners of lots or parcels wherein assessments less than fifty dollars have been made or have heretofore been made against any one lot or parcel, shall be required to pay his or their assessment in full when made, and the same may be collected according to the provisions of amended section 10 of this act, or the contractor or his assigns may foreclose such assessment as a mortgage is foreclosed in any court of competent jurisdiction, and shall recover in addition to the amount of such assessment, with interest, all costs and a reasonable attorney's fee."

We think appellant's proposition is decided adversely to him in *Bozarth* v. *Mallett*, 11 Ind. App. 417, in which the court say: "This suit was brought by the appellee to foreclose a street-assessment lien. It is asserted by appellant that the only proper mode of collecting such assessments is by following the provisions of section 4298, Burns' R. S. 1894. In this we think he is in error. It is expressly stated in section 4294 that as to those assessed more than $50.00 who do not elect to take the benefit of the ten years' time allowed them, and those whose assessments are less than $50.00, the assessments 'may be collected accord-

Bozarth *v.* McGillicuddy *et al.*

ing to the provisions of amended section 10 of this act (being said section 4298), or the contractor or his assigns may foreclose such assessment as a mortgage is foreclosed, in any court of competent jurisdiction.' " In the case at bar appellees elected to proceed under section 4294, *supra,* under which section, as the proceeding would be governed by the rule of procedure prevailing in foreclosure cases, neither party was entitled to a jury.

The second error assigned is the sustaining the demurrer of appellee to appellant's answer in abatement, which answer is hereinbefore substantially set out.    The section of the statute under which this proceeding is brought does not require a contractor, nor any one for him, to file with the city clerk nor the common council of a city an affidavit for a precept to collect assessments; nor is it required that any bonds or certificates for or on account of the alleged improvement of the real estate be issued.    There was, therefore, no error in sustaining the demurrer to this plea in abatement.    *Bozarth* v. *Mallett, supra.*

The third and fourth assignments are not in the record.    The fifth, eighth, ninth, and eleventh assignments of error call in question the sufficiency of the complaint.  The first objection urged by the appellant to the complaint is that it contains no allegation that the work was done according to contract, nor does it set out a copy of the contract.    While the complaint does not, in words, aver that the work was done according to contract, it does aver that the contract was let, after the council had duly advertised for bids, to the lowest bidder, and that thereafter, to wit, on the 8th day of September, 1893, the common council ordered the engineer to make estimates of the work done on Napoleon street, and said engineer did make report and estimates in accordance with law for said work done

on Napoleon street, and reported the same to the common council, and that said report was accepted, that the common council adopted the order or resolution making the assessments as reported by the engineer, etc.

Section 4294, Burns' R. S. 1894, provides that upon the filing of the report required in the last preceding section (section 4293 providing that when the improvement has been made and completed according to the terms of the contract therefor made, etc.), "the common council of such city, or the board of trustees of such town, shall cause a final estimate of the total cost thereof to be made by the city or town engineer, and the common council of such city, or board of trustees of such town shall require said city or town engineer to report to the common council of such city or the board of trustees of such town the following facts touching said improvements," etc. It will be presumed that the engineer and common council, nothing appearing to the contrary, did their duty and that the estimates and assessments would not have been made unless the contract had been performed. The same presumptions will also arise as to the necessity and benefits of the proposed improvements, and that the property was properly the subject of taxation.

We cite as pertinent Darnell v. Keller, 18 Ind. App. 103, which was a suit to foreclose a statutory lien for an assessment for the construction of a sidewalk in front of appellant's property. Appellant filed a counterclaim, proceeding upon the theory that the work was not done according to the plans and specifications, and that the appellant was damaged thereby, to which counterclaim the court below sustained a demurrer. Upon appeal this court held that a counterclaim would not lie in such case, using the following language: "If the failure to do the work

Bozarth *v.* McGillicuddy *et al.*

according to the stipulations of the contract can at all be inquired into in such a case as this, it will be as an answer in bar of the action to foreclose the lien. * * * If he [the contractor] has performed the work which he undertook to perform, and the proper tribunal or authority so determining, he may enforce his remedy, and all of his remedy. If he has failed in this, in whole or in part, it is the duty of the proper authority to reject the work, and he cannot receive any pay for it. There may be a question, of course, as to whether the person or board whose duty it is to accept the work has properly discharged such duty or not, and whether, for a failure to do so, the owner of the property may have some remedy; but, if the work has been properly accepted as completed in accordance with the contract, the claimant is entitled to his full remedy."

The opinion quotes from Cooley on Taxation, 468, as follows: "It is no defense to an assessment that the contract for the work was not performed according to its terms. The proper authorities must decide upon this, and, if they accept the work, the acceptance, in the absence of fraud, is conclusive." We understand the court to decide in the foregoing case that when a street improvement is made under a contract with a municipal corporation, and the work is accepted by those authorized to pass upon the same, no defense but that of fraud can be interposed by the property owner in an action to enforce a lien of the assessment. This would seem to make the averment of the performance of the contract in the complaint in this case unnecessary.

But the second paragraph of appellant's answer alleges that the work was not done in accordance with the terms and stipulations of the contract under which

it was performed. To this answer appellee replied: First, by general denial; second, that all of the said work named in the complaint and answers was done under the direction and supervision of the city of Valparaiso, and its authorized agents, servants, and superintendents, and to the approval of the said agents, servants and city, and the said work was accepted by the said city as done in every respect in accordance with the terms of the contract and agreement to make said pavement. Upon the issues thus formed the case was tried in the court below, so that the appellant was not deprived of any right, or prejudiced by what he claims was a fatal defect in the complaint.

The next objection urged to the complaint is that it does not allege that there was a meeting of the common council and the committee of the common council to consider grievances, for the purpose of hearing and considering complaints of the property owners, etc. The complaint does aver that "on the 8th day of September, 1893, the common council ordered the engineer to make an estimate of the work done on Napoleon street, and said engineer did make a report and estimate in accordance with law and reported the same to the common council which met to hear and determine grievances, whereupon the common council received the same, and ordered notice given to the property holders by two weeks' publication in the Porter County Vidette, a newspaper published and of general circulation in said city, that they would be heard on any grievance they might have at 7:30 p. m. on the 20th day of October, 1893; that at said time said committee, which had heretofore been appointed by the common council, met and heard all grievances and on the same day reported to the common council in favor of said engineer's report and estimates, and recommended its acceptance."

It further appears from the record that appellant appeared before the grievance committee and the council at the time specified, and made known his objections. We think the complaint is clearly sufficient to bar another action for the same cause, and, being here questioned for the first time, must be held good. *Burkhardt* v. *Gladish*, 123 Ind. 337.

The seventh assignment of error is the overruling of appellant's motion for a new trial. This motion is based on twenty-eight grounds. Appellant's counsel admit that the first, second, third, and fourth reasons for a new trial are not properly in the record.

The fifth reason is that the judgment is contrary to law for the error of court in refusing a trial by jury, already passed upon, in considering the first assignments, and that, after the adoption of the resolution declaring a necessity for the street improvements, there was no notice given when property owners could make objections to the necessity for such improvements. While the statute provides for the giving of notice of the time and place where objections may be made to the necessity of the improvements, this notice is not imperative. "This question may be determined by such council without notice to the property owner who is to be affected by such improvement. Notice of the intention to make the assesment upon the property must be given. This notice was given." *Barber*, etc., *Co.* v. *Edgerton*, 125 Ind. 455.

The sixth reason for a new trial is that the finding and judgment are not supported by sufficient evidence. In this connection counsel calls attention of the court to the fact that, while the complaint demands judgment for $450.00 the judgment is rendered for $513.40. In the absence of an answer, the relief granted cannot exceed the relief demanded, but, if the defendant answer, the court may grant such relief

as the case made may justify, whether specially demanded or not.   The complaint, as to amount claimed for attorney's fee, was amendable below, and will be treated as amended upon appeal.   *Numbers* v. *Bowser*, 29 Ind. 491; *Colson* v. *Smith*, 9 Ind. 8; *Webb* v. *Thompson*, 23 Ind. 428.

The eighth ground presents the question whether the common council can pave the whole or any part of the width of a street.   Section 4288, Burns' R. S. 1894, authorizes a common council to grade the sidewalks, or grade and pave the whole street.   Under this section the common council had power to pave any part of the sidewalk it might deem beneficial to the public.

The ninth reason for a new trial is alleged error in admitting in evidence notice of letting of bids for said improvement, on the ground that the publication was not made long enough prior to receiving bids.   The language of the statute is that the contract may be given to the best bidder after advertising for three weeks in some newspaper of general circulation, published in the city, etc.   Appellant contends that the last publication should be three weeks before the letting of the contract.   The record shows that the notice appeared in the Porter County Vidette, a newspaper of general circulation, published in Porter county, Indiana, in three issues, namely, May 25th, June 1st, and June 8th, 1893, giving notice that the contract would be let June 16th. This was three weeks. We do not think the language of the statute requires that the last publication should be three weeks before the time fixed for the letting of the contract.   It appears from the record that when attorney for appellees offered to introduce the notice in question signed by S. Ross Whiting, city clerk, and proof of publication by Edward Welty, appellant objected in the following language:   "We object on the ground

Bozarth *v.* McGillicuddy *et al.*

of not sufficient publication, not sufficient length of time, and it does not sufficiently describe the proposed work." The court: "Your objection is, it was not made the length of time required by statute?" Mr. Bozarth: "It does not sufficiently describe the work by which they proposed to receive bids. One particular point is, they say simply they will receive bids to improve parts of Napoleon street. It does not describe what part of the street."

Appellant, in his brief, argues that the affidavit or proof of publication fails to show whether or not the Porter County Vidette is either published or circulated in the city of Valparaiso, where the alleged improvement was made. This last objection was not made to the court below. It should have been pointed out to the trial court, and as it was not it will not be considered on appeal. The court takes notice that Valparaiso is the county seat of Porter county. The notice invited bids for the necessary labor and material for the improvement of parts of Napoleon street, Jefferson street, and College avenue according to the plans and specifications contained in a resolution passed and approved by the common council on the 23d day of May, 1893. The plans and specifications made the notice definite and specific as to the proposed work.

The tenth and eleventh grounds for a new trial are for alleged error of the court in admitting in evidence a resolution directing the city engineer to make an estimate of the improvements and the estimate itself, for the reason that neither the estimate nor the resolution describe the real estate in controversy so it could be identified, or show an estimate of anything but a partial estimate of said Napoleon street, or that the real estate in controversy abuts on the pavement in controversy. This objection would go to the weight, rather than the competency, of this evidence.

Appellant next discusses the alleged error in admitting in evidence the contract for the improvement. The question of the performance of this contract was made an issue by the answer of appellant, and it was not improper to admit it.

The next error claimed is the admission in evidence of the notice to property holders of the final estimate of said improvement. As hereinbefore stated, inasmuch as it appears from the record that the appellant appeared before the grievance committee and the common council in response to said notice, he was not prejudiced by any defect, if any, of the notice.

The next alleged error claimed is in admitting in evidence the resolution of the common council of Valparaiso, confirming the assessment for the street improvement in controversy. The ground of this and the sixteenth reason is that, if. the assessment was legal at all, it should have extended back from the line of Napoleon street at least fifty feet. This position of appellant is at variance with the expression upon that question by the Supreme Court in *City of Terre Haute* v. *Mack*, 139 Ind. 99. We quote from the syllabus, which is borne out by the text of the opinion: "Under the act of March 8th, 1889, Acts of 1889, p. 237 (section 4288 *et seq.*, Burns' R. S. 1894), assessments for street improvements can only be made against lots bordering upon the street as designated by a plat or other subdivision, and the liability of other lots back from the bordering lot and lying within one hundred and fifty feet of the street improved, arises only in the event that the border lot, against which the whole assessment must be levied, fails to sell for a sum sufficient to pay the assessment, and then only for the deficit, in the order fixed by the statute."

The seventeenth ground is the error of the court in

refusing to admit proof of the width of Napoleon street opposite and on the west side of the real estate in controversy. The facts sought to be proved appear by a plat showing said Napoleon street, and its width at the place in question, and which was made a part of the record by agreement of appellant's and appellees' counsel. The nineteenth reason for a new trial is the exclusion of evidence offered to show the improvements on appellant's lot  The twentieth reason is alleged error in the exclusion of evidence offered in support of a paragraph of answer in the nature of a counterclaim. Under the decision of *Darnell* v. *Keller, supra,* there was no error in these rulings.

The twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh and twenty-eighth reasons for a new trial relate to the rejection of evidence offered by appellant to show that the work was not done according to contract. As pertinent to these alleged errors, we quote from the record: "And on November 9th, 1894, the parties, by counsel, being present in court, the plaintiff now withdraws his objections to the proffered evidence of defendant as to whether the work was done in accordance with the contract, and thereupon the court offered to hear such further evidence upon that question as the parties shall see fit to do, and offers to set the cause down for further hearing for that purpose at such time as may be convenient for the parties. Whereupon the attorney for the defendant refuses to introduce further evidence."

Appellant having refused to avail himself of the offer of the court, he cannot now claim that the court erred in refusing to permit the introduction of the same. We find no error for which the judgment should be reversed. Judgment affirmed.

ON PETITION FOR REHEARING.

COMSTOCK, J.—Upon the petition for a rehearing of this cause we have reexamined the questions presented by the assignment of errors. We cannot commend the complaint. It is not free from defects, but it is sufficient, as stated in the original opinion (being questioned here for the first time), to bar another action for the same cause. We are satisfied, from the whole record, that the cause was fairly tried, and that there was no error in the rulings of the trial court prejudicially affecting the rights of appellant. Petition overruled.