## DAVID v. DAVID

[No. 17,475. Filed May 2, 1946.]

*Donald Baker,* of Terre Haute, for appellant.

*John O. Piety,* and *Charles E. Piety,* both of Terre Haute, for appellee.

ROYSE, P. J.—This is an appeal from a judgment of divorce in favor of appellee against appellant. The only proper assignment of error here is that the trial court erred in overruling appellant's motion for a new trial, which questions the sufficiency of the evidence, the legality of the decision, and the overruling of the motion for judgment in favor of appellant.

Appellant's brief, while not prepared in strict com-

pliance with the rules of the Supreme Court, does make a good-faith effort to present these questions. He earnestly contends the evidence does not show a legal separation of the parties prior to the commencement of this action, and that appellee condoned appellant's offenses.

The record discloses this action was commenced on the 4th day of August, 1945. Prior thereto, on or about the 16th day of September, 1943, appellee brought an action for divorce. Thereafter, on the 26th day of October, 1943, this action was dismissed and the parties lived together as husband and wife until on or about March 15, 1945. There is evidence that on said last mentioned date, while the parties lived in the same house, they separated and did not thereafter live together as husband and wife. There is also evidence from which the court could have found that after the reconciliation appellant was guilty of the same kind of misconduct that caused their first separation.

Condonation in the law of divorce is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated, and that the offender shall thereafter treat the forgiving party with conjugal kindness. *Hash* v. *Hash* (1945), 115 Ind. App. 437, 59 N. E. (2d) 735. Where this condition is broken, such condonation will not bar the subsequent action of the innocent party.

We are of the opinion there was sufficient evidence to sustain the decision of the trial court and its judgment is therefore not contrary to law. Consequently, it did not err in overruling appellant's motion for a finding in his favor at the conclusion of appellee's evidence.

Complaint is further made of the ruling of the court in permitting witnesses to answer certain questions over

appellant's objection. These questions and answers and the objections thereto were not properly presented to the trial court in the motion for new trial and we cannot consider them here. "Before one can properly present such question for review, the motion must set out, at least, the substance of the question asked, the objection made, the ruling thereon, and the answer given to the question in order that it may be determined as to whether harmful error exists without searching the record. Since this is not done here there is no need to discuss this further." *Bennett* v. *Wampler* (1937), 104 Ind. App. 173, 176, 8 N. E. (2d) 117; *Shank Fireproof Warehouse Co.* v. *Harlan* (1941); 108 Ind. App. 592, 29 N. E. (2d) 1003.

No reversible error having been presented, the judgment of the trial court is affirmed.

NOTE.—Reported in 66 N. E. (2d) 284.