MORRIS ET AL *v.* NIXON

[No. 17,513. Filed June 17, 1946. Rehearing Denied October 4, 1946. Petition to Withdraw Petition to Transfer Granted November 22, 1946.]

*Faust, Faust & Faust,* of Indianapolis, for appellant.

*Bingham, Cook & Bingham,* and *Claude M. Spilman,* all of Indianapolis, for appellee.

DRAPER, J.—In her capacity as administratrix of the estate of Thomas T. Fullbright, deceased, the appellee brought this action against the appellants, alleging that Fullbright died the owner of certain restaurant equipment which constituted assets of the estate, but that the appellants were asserting an adverse interest therein and retaining the possession thereof to the exclusion of the appellee. She prayed for the appointment of a receiver to take possession of the property and to operate the business. She also prayed for an accounting and the delivery of said property to her.

The complaint was not tested by demurrer or motion. By their separate answers the appellant Davidson claimed ownership of said property and the right to possession thereof; the appellant Morris claimed an interest as lessee from Davidson and the appellant Krieger disclaimed.

The court found for the appellee that the property belonged to the decedent at the time of his death and that it constituted an asset of his estate. Possession was awarded to the appellee as administratrix, and in that capacity she was ordered to operate the restaurant business under the orders of the court. No receiver was appointed.

All of appellants' contentions can be disposed of by considering their motion for new trial, the overruling of which is assigned as error here.

Two of the specifications in the motion relate to the admission of evidence over the appellants' objection. In neither instance do the appellants in their motion for new trial set out the objection made to the question, nor the substance thereof. Therefore, no question is presented. *Moorman Mfg. Co.* v. *Keller* (1934), 98 Ind. App. 607, 184 N. E. 913; *Cooper* v. *Cooper* (1943), 114 Ind. App. 261, 51 N. E. (2d) 100;

*David* v. *David* (1946), 116 Ind. App. 603, 66 N. E. (2d) 284.

One specification relates to the refusal of the court to permit one of appellants' witnesses to answer certain questions put to him by appellants. The objections to these questions are neither set out nor summarized in the motion for new trial, nor does the motion indicate whether any offer to prove was made or if made, the substance of such offer. For aught disclosed by the motion, the witness, if permitted to answer these questions, would have testified that he had no knowledge or information upon the subject, or his answer might have been harmful to the appellants. In this state of the record this specification presents no question.

The appellants question the sufficiency of the evidence to sustain a finding of ownership in Fullbright at the time of his death. The evidence on this subject, which consisted of the testimony of several witnesses and the introduction of a number of exhibits, presented a conflict which the trial court resolved in favor of the appellee. We are not at liberty to disturb this finding.

The appellants further complain that the Circuit Court erred in directing the appellee to operate the restaurant under its own orders, on the theory that such operation is an administrative duty and that jurisdiction in regard to it is vested solely in the Probate Court, which court appointed appellee administratrix.

But the Circuit Court decided, upon sufficient evidence, that the appellants had no right, title or interest in and to said property, and awarded possession thereof to the appellee. Its further order with reference to the manner in which, and the conditions under which the

appellee should thereafter keep and use said property, could not in this case be harmful or prejudicial to the appellants, whether erroneous or not, and no one else is complaining.

Finding no error, the judgment is affirmed.

Royse, J. not participating.

NOTE.—Reported in 67 N. E. (2d) 319.