ROGERS CARTAGE COMPANY *v.* PEGLOW ET AL.

[No. 18,284. Filed June 5, 1952.]

*Robert H. Moore,* of Gary, *J. Edward Barce,* of Kentland and *James P. Gleason,* of Michigan City, for appellant.

*Owen W. Crumpacker,* and *Crumpacker & Friedrich,* all of Hammond, for appellees.

ROYSE, P. J.—Appellees brought this action for damages to their real estate, resulting from a collision between a bus and a truck operated by appellant's employee. The cause was tried to a jury which returned a verdict against appellant for $6,000. Judgment accordingly. The error assigned here is the overruling of the motion for a new trial.

Appellant contends the evidence was not sufficient to sustain the verdict and is contrary to law because of the admission of certain evidence which it asserts was erroneously admitted over its objections.

It is a well established rule of this jurisdiction that in order to present any question in this court as to the admission of evidence the motion for a new trial must state the question or the substance thereof, the objection or the substance thereof, the ruling of the court, and the answer or substance

thereof. *Gluff* v. *Rouls, Superintendent, Indianapolis Police Department et al.* (1950), 228 Ind. 186, 91 N. E. 2d 176; *David* v. *David* (1946), 116 Ind. App. 603, 66 N. E. 2d 284; *Morris et al.* v. *Nixon* (1946), 117 Ind. App. 106, 67 N. E. 2d 319; *Pennsylvania Railroad Company* v. *Sargent, Admrx.* (1949), 119 Ind. App. 195, 83 N. E. 2d 793, (Transfer denied).

Appellant asserts the trial court erred in permitting the appellee Vera Peglow, in answer to a question, to state her opinion of the value of the real estate after the accident. The motion for a new trial shows that after this appellee testified as to the value of the property before the accident, her counsel started to ask her a question, but before he completed the question counsel for appellant made a lengthy objection; that appellees' counsel then made an argument to the court as to the admissibility of the evidence, whereupon the court directed the reporter—"Read the last question, please"; the reporter than read that part of the question propounded by appellees' counsel, which was: "And what is your opinion with reference to . . . ." The record, but not the motion for a new trial, indicates that at this point appellees' counsel asked the witness what, in her opinion, was the value of the property. No objection was made to this question nor was the court asked to treat appellant's objection to the partially propounded question as its objection to the completed question. No objection having been made, appellant has presented no question as to the admissibility of this evidence.

Appellant next contends that for several reasons the trial court erred in permitting the witness Crary, who was a contractor, to give his estimate of making repairs to the property after the crash. The motion for a new trial states the question,

the objection, and the overruling of the latter, but it does not show the witness answered the question. Therefore, no question is presented on this contention.

While we prefer to decide questions on their merits, we cannot ignore the well established rules of the Supreme Court and this court on matters of this kind. However, our chagrin in this case is lessened because we believe the evidence complained of was properly admitted in evidence. See, Crumpacker, Indiana Evidence, §1731, pp. 407-409, citing among others, *Goodwine* v. *Evans et al.* (1892), 134 Ind. 262, 264, 33 N. E. 1031; *Indiana Limestone Company* v. *Murphy* (1931), 93 Ind. App. 76, 82, 177 N. E. 350; *The Terre Haute and Logansport Railroad Company* v. *Walsh* (1894), 11 Ind. App. 13, 38 N. E. 534.

Judgment affirmed.

Crumpacker, J., not participating.

NOTE.—Reported in 106 N. E. 2d 235.