ALTMEYER, ET UX. *v.* NORRIS, ET AL.

[No. 18,456.    Filed April 30, 1954.]

*Francis C. Dale* and *Mary Miller Dale,* of Indianapolis, for appellants.

*Martz, Beatty & Wallace, Fred A. Wiecking* and *Dillon & Volstad,* all of Indianapolis, for appellees.

KELLEY, J.—Appellants commenced this action by alleging that they, as owners, entered into a written agreement with appellees, designated a "Lease with Option to Purchase", the provisions of which appellees had violated, thereby, under the terms of the agreement, forfeiting their (appellees) rights. The relief sought by appellants was possession of the leased real estate, forfeiture of appellees rights and money paid by them, and damages.

Appellees were husband and wife when the agreement was executed, but were not so when this action was instituted.

Issues in the cause were closed by an answer of admission and denial by appellee, Mable Hintz Norris; similar answer by appellee, Ernest J. Norris, who further filed two affirmative answers, one of which averred an equitable interest in the property, the other charged fraudulent representations by appellants in inducing appellees to execute the contract to the damage of said answering appellee. Appellants replied in denial to said affirmative answers.

Trial, upon the issues made, was by the court, without jury. There was a general finding for appellants on their complaint, that they recover the posession of the real estate and $2500.00 damages; a general finding that appellee, Ernest J. Norris is entitled to recover from appellants the sum of $5000.00; and a general finding that no proof was submitted that appellee, Mabel Hintz Norris, has any interest in the real estate or in the agreement. The court further found that the $2500.00 due from appellee, Ernest J. Norris, be set off against the $5000.00 due from appellants to him, so that a money judgment should be

rendered for said appellee against appellants. The findings were amplified in some respects, but as no request was made for special findings, such amplification may be disregarded and the court's finding treated as a general finding. *Rhodes* v. *Selvage* (1919), 69 Ind. App. 533, 122 N. E. 352.

Judgment was rendered that appellants recover possession of the land; that appellee, Ernest J. Norris, recover of appellants the sum of $2500.00; that appellee, Mabel Hintz Norris, take nothing and recover her costs; and that the costs be borne equally by appellants and appellee, Ernest J. Norris.

Appellants' motion for new trial, containing 12 specifications, was overruled and this ruling is the only error assigned on this appeal.

Specifications 4, 5, 6, and 7 charge error in overruling the "objections" of appellants to certain evidence. None of said specifications present any question in that they each fail to show what, if any, answer was made to the question objected to. *Rogers Cartage Company* v. *Peglow, et al.* (1952), 122 Ind. App. 481, 482, point 1, 106 N. E. 2d 235.

Specifications 8, 9, 10, and 11 seek to predicate error upon the admission into evidence of certain exhibits over objection of appellants as to the "competency, materiality, and relevancy of the same." The immateriality or irrelevancy of the exhibits objected to is not apparent on the face thereof. Such objection, therefore, is too general and indefinite to present any question. Crumpacker, Indiana Evidence, Vol. 2, §4897, page 126; Flanagan, Wiltrout and Hamilton, Indiana Trial & Appellate Practice, §1993, *Comment* 1. For a digest of the wealth of cases on this point, see West's Indiana Digest, Vol. 3, *Appeal & Error*, page 620, et seq., §231 (3).

Specification 12 is that "The court erred in finding for the defendant, Ernest J. Norris, and giving judgment of $5,000.00 to said defendant, since this ██ was not within the issues nor proper according to the pleadings or the evidence in the cause." This is not a ground for new trial recognized by the statute, Burns' 1946 Replacement, §2-2401. *Specht, et al.* v. *Williamson, et al.* (1874), 46 Ind. 599. Nor is it a proper charge of error of law occurring at the trial. The finding of the court marks the end of the trial and, even if the finding be erroneous, it is not an error occurring during the course of the trial within the meaning of the statutory ground for new trial. Errors of law occurring at the trial are such errors as are carried into the verdict or finding. *Berkey, Guardian* v. *Rensberger, et al.* (1911), 49 Ind. App. 226, 230, 96 N. E. 32. Here the particular ruling complained of is not specified, as is required in specifications of this character.

The three remaining specifications of the motion for new trial are: (1) The decision of the court is not sustained by sufficient evidence; (2) The decision of the court is contrary to law; and (3) The assessment of the amount of recovery against appellants is erroneous, being too large, "In that the defendant, Ernest J. Norris, is not entitled to any recovery."

Appellants do not present argument as to said specifications (2) and (3) but say that they are supported by their argument given in support of said specification (1) charging insufficiency of the evidence to sustain the decision of the court.

We have carefully examined the evidence and we find no reason for determining reversible error in the decision of the trial court.

474

Judgment affirmed.

Royse, J., not participating.

NOTE.—Reported in 119 N. E. 2d 31.