GENERAL ELECTRIC COMPANY *v.* LOUIS GENE FUELLING D/B/A L. & L. FUELLING CO. ET AL.

[No. 20,724. Filed January 12, 1968. Rehearing denied February 7, 1968, Transfer denied April 4, 1968.]

*Bamberger, Foreman, Oswald and Hahn,* of Evansville, for appellant.

*Charles T. Rachels,* of Mt. Vernon, for appellee.

COOPER, J.—This appeal comes to us from the Posey Circuit Court wherein the Appellee Fuelling brought an action to establish and foreclose a mechanics lien for materials supplied for use in the construction of a plant on property owned by the Appellant, General Electric Company.

It appears from the record now before us, that after the proper issues were made and closed, the cause was submitted to the court for trial. After the conclusion of all the evidence the trial court entered requested special findings of fact and conclusions of law, which were adverse to the Appellant. Thereafter Appellant filed a motion for new trial in which it averred that the decision was not sustained by sufficient evidence and was contrary to law. The trial court overruled the motion for new trial and this ruling is the assigned error on appeal to this Court.

It appears from the evidence in the record that the Appellee Fuelling was paid $34,743.90 by W. D. Rommell, a subcontractor, and $500.00 by United Engineers and Construction, Inc., the general contractor, on a total account of $35,984.64, leaving a balance of $1,510.85, the amount of Appellee Fuelling's claimed lien.

Both the Appellant and the Appellee agree that the basic issue which was before the trial court and which is now before us, is whether the no-lien contract entered into between General Electric Company, Appellant, and United Engineers and Construction, Inc., was executed pursuant to and in conformity with Section 43-701 Burns' Indiana Statutes, Annotated (1952 Repl.).

The part of the statute concerning no-lien contracts reads as follows:

"No provision or stipulation in the contract of the owner and principal contractor that no lien shall attach to the real estate, building, structure or any other improvement of the owner, shall be valid against subcontractors, mechanics, journeymen, laborers or persons performing labor upon or furnishing materials or machinery for such property or improvement of the owner, unless the contract containing such provision or stipulation shall be in writing, and shall be acknowledged as provided in case of deeds and filed and recorded in the recorder's office of the county in which such real estate, building, structure, or other improvement is situated not more than five (5) days after the date of the execution of such contract, and unless the owner, before the commencement of the work under said contract, shall post or cause to be posted a notice not smaller in size than three (3) feet by three (3) feet in a place upon said premises conspicuous at all times to all subcontractors, mechanics, journeymen, laborers or persons performing any work upon said premises or furnishing any material or machinery for such property or improvement and shall maintain or cause such notice to be so maintained upon said premises at all times during the progress of the work under said contract. Said notice shall be substantially in the following works: 'This work to be done under a no-lien contract between the owner and the principal contractor. (name) ————————, (3) inches in height. The recorder shall record such contract at length in the order of time of its reception in books provided by him for that purpose, and the recorder shall index the same in the name of the contractor and in the name of the owner, in books kept for that purpose, and said recorder shall receive therefor a fee such as is provided for the recording of deeds and mortgages in his office . . ."

The language of the statute is clear. In order to have a valid no-lien agreement that is binding upon sub-contractors, mechanics, journeymen, laborers or persons performing labor upon or furnishing materials or machinery, the statutory requirements must be complied with, including the following:

*". . . unless the owner before the commencement of the work under said contract* shall post or cause to be posted a notice not smaller in size than three (3) feet by three (3) feet in a place upon said premises conspicuous at all times to all subcontractors, mechanics, journeymen, laborers or persons performing any work upon said premises or furnishing any material or machinery for such property or improvement, and shall maintain or cause such notice to be so maintained upon said premises *at all times during the progress of the work under said contract."* (our emphasis) *Midland Building Industries, Inc.,* v. *Oldenkamp, et al.* (1951), 122 Ind. App. 347, 355; 103 N. E. 2d 471; Burns' Indiana Statutes, Anno. Sec. 43-701, (1952 Repl..)

We are of the opinion that the contract referred to by the statute is the original contract, which in this case was the contract between the owner, General Electric Corporation and the United Engineers and Construction, Inc. Therefore, before General Electric as the owner could have availed itself of the no-lien provisions of Burns' 43-701, *supra,* it was necessary for it, among other things, to have posted the required notice on the premises before the commencement of any work under the contract.

In reviewing the trial court's special findings of fact, we find the court's finding number 6 reads as follows:

"6. *After the commencement of the work* under said contract dated November 10, 1959, the defendants General Electric Company and United Engineers and Construction, Inc., posted or caused to be posted notice of the no-lien contract heretofore described at said work site, said notice not being smaller in size than three feet by three feet and posted at the main entrance to the project so that it was conspicuous and observable at all times to all sub-contractors, mechanics, journeymen, laborers or persons performing any work upon said premises or furnishing any material or machinery for said project" (our emphasis).

Therefore, it appears that the trial court by its finding number 6 found that the required sign was not posted as required by the pertinent statute until after the commencement of the work under the no-lien contract.

We have reviewed the evidence in the record, bearing in mind that it is for the trial court as the trier of facts to reconcile, reject, or accept and weigh the evidence and ■ *determine the credibility of the witnesses.* Wiltrout *Indiana Practice,* Sec. 2786, and authorities cited therein. This applies to photographs as well as to oral evidence. *Pennsylvania R.R. Co. et al.* v. *Mink* (1966), 138 Ind. App. 311, 212 N. E. 2d 784.

Likewise, on appeal, it is well settled that this Court will consider only evidence which tends to support the finding together with reasonable natural and logical inferences ■ which may be drawn therefrom. *Southport Board of Zoning Appeals, et al.* v. *Southside Ready Mix Concrete, Inc., et al.* (1961), 242 Ind. 133, 137, 176 N. E. 2d 112.

We are of the opinion that under the evidence in this cause we cannot say as a matter of law, that the trial court's findings were not sustained by sufficient evidence and that the judgment based on such findings and conclusions of law is contrary to law.

Judgment affirmed.

Carson, C. J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 232 N. E. 2d 622.