Jeanette Simone OREJUELA, (Appellant-Respondent Below),

v.

Henry OREJUELA, (Appellee-Petitioner Below).

No. 4–1085 A 275.

Court of Appeals of Indiana, Fourth District.

June 24, 1986.

Robert A. Wood, Kendall, Wood, Coleman, Kessinger & Stegemoller, Danville, for appellant-respondent below.

Sam Stoehr, Howard, Stoehr, Minnix & Klopchin, Indianapolis, for appellee-petitioner below.

MILLER, Judge.

This is an appeal of a decree, granted by the Marion County Superior Court, dissolving the marriage of Henry and Jeannette Simone Orejuela. Jeannette complains that this decree was improperly granted because the trial court lacked both subject matter and personal jurisdiction to hear the case, and because Indiana is an inconvenient forum in which to litigate the case.

Because we find the trial court had subject matter jurisdiction to hear the case, and had personal jurisdiction over Henry, we affirm those portions of the decree dissolving the marriage and awarding Henry possession of his personal property. Because we find the trial court did not have personal jurisdiction over Jeannette, we reverse those sections of the decree adjudicating the other incidences of the marriage. We do not reach Jeannette's *forum non conveniens* claim since it is outside the scope of this appeal as determined by the pre-appeal order.

### FACTS

Henry and Jeannette were married on June 7, 1975 in Washington, D.C. Until they separated in August of 1985, they lived in Alexandria, Virginia where Henry served as an officer with the United States Navy. The couple also resided at overseas duty stations periodically. Most of the marital property is located in Virginia, and Washington, D.C.

Henry resided in Indiana prior to entering the Navy in 1961. His official Navy records list Indiana as his state of residence. He has paid Indiana income tax in at least two recent tax years, and his Indiana tax return lists Marion County as his county of residence. Henry has kept his Indiana drivers license, which was last renewed in 1981. He voted in Indiana by absentee ballot in the 1984 general elections. Henry's son is a student at Purdue

University where he is enrolled as a resident of Indiana.

Henry has not lived in Indiana since 1961, nor has he maintained any kind of household here. He resided in Norfolk, Virginia at the time this action was filed. There is some evidence indicating he intended to accept employment in Massachusetts, and not to return to Indiana, upon retiring from the Navy.

Jeannette is a citizen of Canada. The record shows that she has not been in Indiana since before her marriage to Henry, and there is no evidence that she and Henry ever lived as man and wife in Indiana. Since the separation she has continued to live in Virginia.

Henry filed his petition to dissolve the marriage on November 9, 1984. Hugh G. Baker, Jr., an Indianapolis attorney, entered an appearance on behalf of Jeannette on December 18, 1984, but he withdrew his appearance on March 18, 1985, apparently because Jeannette refused to accept the jurisdiction of the Marion County court to hear the case.

The trial court set the final hearing for April 23, 1985 at 9:00 A.M. Neither Jeannette nor her counsel appeared at that hearing, but Jeannette did file a "VERIFIED MOTION FOR DISMISSAL FOR LACK OF IN PERSONAM JURISDICTION UPON THE RESPONDENT, FORUM NON CONVENIENS AND A CHANGE OF VENUE TO VIRGINIA, A STAY OF PROCEEDINGS IN INDIANA SO THAT THE RESPONDENT WILL BE ABLE TO LITIGATE ALL ISSUES OF DIVORCE IN VIRGINIA, OR IN THE ALTERNATIVE, A CONTINUANCE UNTIL THE VIRGINIA PROCEEDINGS ARE COMPLETE." The Marion County Superior Court clerk received this motion sometime on the twenty-third, but it cannot be determined from the document whether it was filed prior to the final hearing.

The trial court did not enter a final decree on April 23. Instead, it stated it would finalize a decree "upon receipt of entry." The court did sign and enter a final decree on May 1. Jeannette timely filed her motion to correct errors, which the trial court denied; she appeals from the decree issued by the trial court.

Sometime after Henry filed for dissolution in Indiana, Jeannette filed for divorce in Virginia. Apparently the Virginia proceedings have not been dismissed, and there is a possibility that the result in those proceedings could conflict with the judgment of the Marion County Superior Court.

## DECISION

Jeannette raises several issues on appeal. She contends the trial court lacked subject matter jurisdiction because Henry was not a resident of Indiana within the meaning of IND.CODE 31-1-11.5-6. She asserts that the trial court lacked personal jurisdiction over her because she was not a resident of Indiana, and because she and Henry have never lived in a marital relationship within the state. Jeannette further asserts that she timely filed her motion to dismiss for lack of personal jurisdiction, and that the court erred in finding that she did not timely file. Finally, Jeannette claims that the trial court abused its discretion by refusing to transfer the case to a more convenient forum.

### Issue I

■ We find no merit in Jeannette's first contention. Indiana law requires one of the parties to a dissolution proceeding to be a resident of Indiana for at least six months before the filing of the petition for dissolution. I.C. 31-1-11.5-6. If neither of the parties meets this requirement, the court does not have subject matter jurisdiction to hear the case. *Brokus v. Brokus* (1981), Ind.App., 420 N.E.2d 1242, 1245.

■ Residence is synonymous with domicile in Indiana. *In re Marriage of Rinderknecht* (1977), 174 Ind.App. 382, 386, 367 N.E.2d 1128, 1131. *Rinderknecht* defined domicile as the "place where a person has his true, fixed, permanent home and principal establishment, and to which place he has, whenever he is absent, the intention of returning." *Id.*

■ Jeannette argues that *Rindknecht* and *In re Marriage of Hudson* (1982), Ind. App., 434 N.E.2d 107, require both an actual physical residence and an intention to return to the state for a party to establish residence. She introduced evidence, in the form of a letter, in which Henry stated his intention to establish his residence in Norfolk, Virginia. She also introduced evidence that Henry had accepted a job in Boston, Massachusetts, at the time the petition for dissolution was filed. Jeannette claims that there is no evidence that Henry intended to return to Indiana, and that there was no basis upon which the trial court could find that Henry intended to return to the state.

It is clear that Jeannette is mistaken. The evidence introduced at the final hearing established that Henry had voted in Indiana via absentee ballot, that he paid Indiana income tax, and that he retained an Indiana driver's license. The evidence also showed that the military regarded Indiana as his state of residence, and that Purdue University, which is a state institution, regarded his son as a state resident. Obviously, the trial judge was entitled to weigh this evidence against the evidence introduced by Jeannette. *General Electric Co. v. Fuelling* (1968), 142 Ind.App. 74, 78, 232 N.E.2d 622, 624. An appellate court will not reweigh the evidence. *Stubbs v. Hook* (1984), Ind.App., 467 N.E.2d 29, 31.

We will not disturb the trial court's determination that Henry was a resident of Indiana; neither will we disturb its finding of subject matter jurisdiction to hear the case. A trial court has the power to order dissolution of marriage when it has subject matter jurisdiction. *Rinderknecht, supra,* 367 N.E.2d at 1133. Therefore, we affirm the trial court's order dissolving the marriage.

### Issue II

Jeannette next contends that the trial court did not have personal jurisdiction over her, and thus had no power to adjudicate the incidences of the marriage. *Rinderknecht, supra,* at 1135. She and Henry have never lived in a marital relationship in Indiana; they lived in Virginia and various foreign countries throughout the course of the marriage. The couple owned no marital property in this state. From the record it is unclear whether Jeannette had ever even been in Indiana; if she had, it was before she and Henry married.

■ Due process requires some minimal contacts between the forum state and the party over whom the state seeks to assert personal jurisdiction. *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95. In Indiana, this minimum contact requirement is met in dissolution proceedings by compliance with Ind. Rules of Procedure, Trial Rule 4.4(A)(7). This section provides that one who lives in a marital relationship in this state is amenable to the jurisdiction of its courts even if he or she later departs the state. The record clearly establishes that Jeannette never lived in a marital relationship in Indiana; therefore Indiana courts could not obtain jurisdiction over her under T.R. 4.4(A)(7).

■ There is a second way in which our courts may obtain personal jurisdiction under Indiana law. Lack of personal jurisdiction is an affirmative defense; the nonresident must raise the defense at the proper time, or the defense is waived. T.R. 12(B)(2); *Rinderknecht, supra,* 367 N.E.2d at 1135–1136. Waiver of this defense vests the court with personal jurisdiction; the nonresident is deemed to have accepted the court's jurisdiction.

Henry asserts that Jeannette failed to contest the court's personal jurisdiction in time. Lack of personal jurisdiction may be raised in the responsive pleadings of the defendant or by means of a motion. T.R. 12(B)(2). Where no responsive pleading is required, a 12(B)(2) motion may be made at any time prior to or during trial, T.R. 12(B)(8). A responsive pleading is not required in a dissolution proceeding. I.C. 31–1–11.5–4(c); *In re Marriage of Murray,* (1984), Ind.App., 460 N.E.2d 1023, 1026; *Brown v. Brown,* (1979), 180 Ind.App. 1, 3, 387 N.E.2d 72, 73. Therefore, Jeannette's motion was timely filed, and she did not

waive her right to contest the court's personal jurisdiction over her, if the motion were filed at any time prior to the conclusion of trial.

The final hearing in this action took place on April 23, 1985 at 9:00 A.M. On the same day, Jeannette filed her motion challenging jurisdiction. We have not been able to determine whether the motion was filed before or after the final hearing, but that is not important, since we do not find that the conclusion of the final hearing necessarily marks the conclusion of the trial.

*Altmeyer v. Norris*, (1954) 124 Ind.App. 470, 119 N.E.2d 31, 33 held "The finding of the court marks the end of trial...." This holding is not easily applied in this case, because there is some dispute as to when the findings of the court were entered. The court's entry book for April 23 reads in part "Dissolution granted upon receipt of entry." Jeannette argues that this entry does not constitute a finding sufficient to trigger the end of trial. The final order in the trial was entered on May 1, and Jeannette argues that the final order, and the findings of fact contained therein, marks the end of the trial.

Our reading of *Altmeyer* convinces us that Jeannette is correct. In that case, the trial court made:

> a general finding for appellants on their complaint, that they recover possession of the real estate and $2,500 damages; a general finding that appellee, Ernest J. Norris is entitled to recover from appellants the sum of $5,000; and a general finding that no proof was submitted that appellee, Mabel Hintz Norris, has any interest in the real estate or the agreement. The court further found that the $2,500 due from appellee, Ernest J. Norris, be set off against the $5,000 due from appellants to him, so that a money judgment should be rendered for said appellee against appellants. *Altmeyer, supra*, 119 N.E.2d at 32.

The trial court in *Altmeyer* made a reasonably complete resolution of the issues before it. There was no such resolution in the April 23 entry.

Here, the court made no findings as to the division of the marital property until May 1, when it entered its decree. Since the division of the property was a major component of this case, we do not think it can be said the trial court had made its finding in this case until it decided how the property would be divided. The April 23 entry was merely an expression of the court's intent to find for Henry at some future date.

We find that the trial court did not make its finding, and the trial did not conclude, until the court entered its decree on May 1. The court erred, therefore, in holding Jeannette's motion not timely filed. Because Jeannette does not have even minimal contacts with this state, we further hold that the trial court lacked personal jurisdiction to adjudicate the incidences.

■ Henry argues that, even if the court had no jurisdiction to decide the incidences of the marriage, it had the power to award him those items of personal property which were his sole property. *Rinderknecht, supra*, at 1136. We agree. Those items which the trial court has determined to be Henry's sole property should be awarded to him before the court relinquishes jurisdiction.

### Issue III

■ Jeannette finally argues that Indiana is an inconvenient forum in which to litigate these dissolution proceedings. The pre-appeal order in the matter, which governs the course of this appeal under Ind. Rules of Procedure, Appellate Rule 2(C)(3), reads in part:

> The issues before the court are (1) whether the Marion Superior Court had subject matter jurisdiction over the parties to grant a decree of dissolution; (3) [sic] whether it had in personam jurisdiction over appellant; and (3) if it had not in personam jurisdiction, whether that issue was waived by a late filing of the motion to dismiss.

Jeannette's *forum non conviens* claim was not included in the pre-appeal order.

Because this claim is outside the scope of the order, it is not properly before this court on appeal. A.R. 2(C)(3). We shall not, therefore, consider the merits of her argument.

Those portions of the trial court's decree dissolving the marriage and awarding Henry possession of his sole property are affirmed. The portion of the decree distributing the other incidences of the marriage is reversed.

YOUNG, P.J., and CONOVER, J., concur.