(No. 14810.—Reversed and remanded.)

THE GARDEN CITY FOUNDRY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WALTER VON GERHARD, Defendant in Error.)

*Opinion filed February 21, 1923.*

1. WORKMEN'S COMPENSATION—*when the parties waive want of jurisdiction of commission to remand cause to arbitrator.* While the Industrial Commission has no authority, under the Compensation act, to vacate an award and remand the cause for a rehearing before another arbitrator and for the addition of another party defendant, yet where all the parties appear and take part in the rehearing without objection the courts may consider the proceeding as a new and original petition for compensation.

2. SAME—*a petition for award should contain sufficient allegations to support a finding for compensation.* The Compensation act does not require a petition or any character of pleading before the Industrial Commission in a proceeding for an award, but whatever document is filed in the nature of a pleading should contain allegations consistent or in harmony with the order and findings of the commission in making the award.

3. SAME—*when witness does not establish fact that notice was given.* In testifying before the arbitrator on the question of giving notice of the accident witnesses should state facts and not mere conclusions, and a statement of the injured employee, in his testimony, that he called up the superintendent and "told him the case and how it started" is not sufficient proof of notice, where the witness does not state what he told the superintendent.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

THOMAS C. ANGERSTEIN, and G. A. BRUEGGER, for plaintiff in error.

HUGO RADAU, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On June 29, 1920, Walter von Gerhard filed an application for adjustment of claim under the Workmen's Compensation act before the Industrial Commission. In this application he stated that he was injured June 18, 1920, by reason of an accident arising out of and in the course of his employment by Louis T. Deichmann, doing business under the name and style of National Police Patrol; that he was engaged at the time of the accident as special policeman, and while so engaged was assaulted by Frank Bonasochek, a workman employed by the Garden City Foundry Company, and that he claimed as compensation $80 for medical care and attendance, $46.50 per week for four weeks' temporary total disability, and $1000 for fracture on left side (left inguinal hernia) and partial loss of hearing and continual earache. The petition also stated that he gave notice of the accident to his employer on June 18, 1920, and stated other matters usually found in such petitions. The application was referred to an arbitrator, who heard the evidence and made an award in favor of von Gerhard on July 28, 1920. A petition for review was filed by Deichmann and also a stenographic report of the proceedings on arbitration, but the stenographic report was not filed within the time required by statute. A hearing was begun before the Industrial Commission, but before it was completed, by agreement of the parties, the award was vacated by the commission and the cause remanded back to an arbitrator on November 5, 1920, so the Garden City Foundry Company might be made a party, new notices sent out, and that a new hearing be had and a new decision rendered by the arbitrator. An amended application for adjustment of claim

was filed before the commission on November 17, 1920. This petition bore the same date as the former one and contained the same allegations, with the additional allegation that the superintendent of the Garden City Foundry Company was notified of the accident on June 19, 1920. The only other substantial change from the former petition is, in the latter petition both Deichmann and the Garden City Foundry Company are named as respondents in the title of the cause, at the beginning of the petition. The Garden City Foundry Company is not designated as the employer of von Gerhard, and the petition does not show any relation whatever between the company and either Deichmann or von Gerhard. The amended petition was heard by an arbitrator, both respondents appearing and taking part in the proceedings. The award was rendered against "said respondent," without naming the respondent, and is for the sum of $7.50 per week for a period of 416 weeks, and concludes in this language: "that being the period of temporary total incapacity for work for which compensation is payable, as provided in section 31 of said act as amended." On review before the Industrial Commission the award of the arbitrator was confirmed on September 8, 1921, in these words: "Upon a consideration of the record herein the commission is of the opinion that the findings and the award of the arbitrator are correct." Then follows the order that the award is approved and confirmed and that it stand as and for the decision of the commission. A writ of *certiorari* was sued out of the circuit court of Cook county. The court quashed the writ and affirmed the award and made this special finding: "That Walter von Gerhard at the time of his injury, on the 18th day of June, 1920, was an employee of the Garden City Foundry Company, and that said Walter von Gerhard is entitled to have and receive from said Garden City Foundry Company, as the employer of said Walter von Gerhard, the compensation awarded by the Industrial Commission." Deichmann did not appear either ·

before the commission or the circuit court. This court allowed to the Garden City Foundry Company a writ of error for a review of the record.

Before the circuit court the Garden City Foundry Company made a motion to sustain the writ of *certiorari* and set aside the award of the commission for the following reasons: That the award of the first arbitrator against Deichmann became by operation of law the award of the commission; that the commission had no authority or power to set aside the award and remand the cause to another arbitrator for a rehearing or to authorize the filing of the amended application making the Garden City Foundry Company an additional party; that for said reasons the second award is void and because it was unauthorized by the statute; that the second award being under section 31 of the Compensation act amounts to a holding of the commission that von Gerhard was the employee of Deichmann and not of the foundry company and that the relation of Deichmann to the foundry company was that of an independent contractor, and cannot be sustained because there is no proof in the record that the foundry company was within or subject to section 31, or that it was engaged in any business or enterprise enumerated in said section or in paragraphs 1 and 2 of section 3 of the Compensation act; that there is no competent evidence that the foundry company was given notice of the accident, in compliance with section 24 of the Compensation act; that there was no competent evidence to sustain the award under any section of the statute, because there is no sufficient evidence of total disability of the applicant by reason of his accidental injuries. The foregoing presents, also, all the objections raised before this court, except that it is claimed that certain incompetent evidence was admitted to establish notice of the accident to the foundry company, etc.

It is true, as contended by plaintiff in error, that the Industrial Commission had no authority under the act to

vacate the award of the first arbitrator against Deichmann and to remand the cause for rehearing before another arbitrator after the making of an additional party to the petition. The only authority given by the act to the commission is to review the award of the arbitrator by the evidence taken before him and by additional evidence, if such is taken, or to declare the award of the arbitrator as the award of the commission in case the same is abandoned by the party asking for the review. But this action of the commission in vacating the first award and remanding the cause for rehearing, etc., was not taken under any supposed authority of the Compensation act, but was done by virtue of the agreement entered into by the applicant and Deichmann after the hearing on review had begun. Both parties were present, and the fact that the stenographic report had not been filed in time before the commission is of no consequence, as both parties were present before the commission and were taking part in the proceedings. Defendant in error thereby entered his appearance and gave the commission jurisdiction of his person. He could not take any advantage of the fact that the stenographic report was not filed in time, because the entry of his appearance and participating in the proceedings operated as a waiver of that fact, as this court has repeatedly held. Plaintiff in error certainly had no right, and now has none, to make any such objection, as it was not a party to that proceeding at all. It had no right to raise any sort of objection to any act of the commission in vacating the order of the arbitrator, remanding the cause, or otherwise. Those proceedings stand as vacated by the agreement of the parties themselves, and are binding on them under the familiar doctrine that both parties can annul all proceedings before a court or commission, with its consent, when they act in apt time, as they did in this case. The record does show as a fact that a second and amended petition was filed before another arbitrator and that plaintiff in error was made a party to that

petition. It appeared with Deichmann and both of them contested the second award before the arbitrator, and the arbitrator, the circuit court and this court are authorized to consider it as a new and original petition for compensation, and all other questions on this record are to be determined upon the merits of the case.

At this time we will call attention to the fact that there is not a single allegation in the petition, except as to notice of the accident, that is in harmony with this award against plaintiff in error. There is no allegation that it was the employer, or any other allegation against it that would entitle the applicant to compensation under section 31 aforesaid or any other section. There is not even an allegation that Deichmann was an independent contractor. There are no provisions in the Compensation act specially requiring a petition or any character of pleading before the commission in a proceeding for an award. Under section 16 of the statute the commission would be authorized to make rules requiring a petition to be filed, with directions as to what the petition should contain in the way of allegations, provided such rules were in conformity with the act. In paragraph (*e*) of section 19 of the act is found this provision: "The application for adjustment of claim and other documents in the nature of pleadings filed by either party, together with the decisions of the arbitrator and of the Industrial Commission and the statement of facts or stenographic reports hereinbefore provided for in paragraphs (*b*) and (*c*), shall be the record of the proceedings of said commission, and shall be subject to review as hereinafter provided." The character of pleading is not suggested in this paragraph, but it recognizes the right of a party to file some character of a document in the nature of a pleading, and it is to be made a part of the record. The allegations, in whatever document is filed in the nature of a pleading, ought to be consistent or in harmony with the order and findings of the commission in making the award. As the

judgment in this case will have to be reversed we make the suggestion that the petition ought to be properly amended if there are to be any further proceedings under it.

Some of the material facts in the record are the following: Louis T. Deichmann, doing business under the name and style of National Police Patrol, was engaged in the business of providing patrolling service and watchmen for owners of buildings, offices, etc. About one week before defendant in error received his injury, Deichmann, on request of plaintiff in error, secured von Gerhard a permit as a special policeman, gave him a uniform, and a star having on it the words, "National Police Patrol." Deichmann sent him to the plant of the Garden City Foundry Company to do watchman's service there for the company. He gave him a card to the superintendent and informed him that his duties there would be to patrol the yard and not to allow anyone to go into the foundry and for him not to go into the foundry, and to report to Schindler, the superintendent. The defendant in error went to the plant of the Garden City Foundry Company and presented his card to Schindler, containing these words: "This man, von Gerhard, will look after your premises, as per request made by you." Schindler gave him directions similar to those of Deichmann, and told him that he was not to go into the foundry but was to guard the premises and keep all visitors or strangers out of the foundry and to conduct them to his office when he found them on the premises. The reason for this employment on the part of the foundry company was that other employers had been sending men to its premises to hire its employees, as there was a scarcity of labor at that time. On June 18, 1920, about six o'clock in the evening, according to von Gerhard's testimony, he got into a difficulty with one of the night laborers near the door of the foundry, by the name of Bisinek, who kicked him in the groin and struck him on the head with a club or simi-, lar instrument. His testimony and that of Bisinek are

very conflicting as to what happened and as to who was the aggressor in the conflict. Von Gerhard testified that as a result of the assault blood came out of his left ear, that his shin and knee were hurt, and that some time later a lump or small rupture appeared in his groin, and the rupture got to be about the size of a silver quarter. He was contradicted by Dr. Heinen, who testified that he syringed his ear and that there was no indication of blood coming from it. The doctor's testimony cast considerable doubt on the question of his getting a hernia in that encounter and gave it as his opinion that the hernia was not a result of that injury. There was some testimony to the effect that he had a slight fracture of the skull, but the testimony showed that there was a bony deposit around the fracture, indicating a union of the bone. Von Gerhard testified that he could not work when his head pained him. His evidence also shows that he did some work after the accident. The testimony does not show that he was suffering from a permanent injury or that he was totally disabled, as indicated by the amount of the award, which was given "for temporary total incapacity for work."

There is no proof in this record as to the character of the business conducted by the Garden City Foundry Company. There is no proof that Deichmann, as contractor of the company, had failed to take out insurance, and no sufficient proof of any character that would make the company liable under section 31 of the Compensation act. There is no sufficient proof in the record that the Garden City Foundry Company was engaged in an extra-hazardous occupation, and no proof whatever upon the question whether or not it had elected to pay its employees compensation under the act. There is some evidence tending to prove that it was the employer of the applicant. The record fails, however, to show liability under any section of the Compensation act for the injury in question.

Defendant in error testified on the question of notice as follows: "On the morning of June 19 I called the Garden City Foundry Company [presumably on the telephone] and asked, 'Is this Mr. Schindler?' and he says, 'I am Mr. Schindler, superintendent for the Garden City Foundry Company.' I told him the case and how it started and asked for the address of Bisinek. He said, 'I don't care,' and told me I had better call up Deichmann." What the witness told Schindler does not appear in the record. He merely stated a conclusion that he told him the case and how it started. We can hardly conceive how any attorney would undertake to argue that this is proof of notice. A witness should state facts and not mere conclusions. In other words, this witness should have stated what he told the superintendent. Besides, Schindler denies this conversation *in toto.* He also positively denies the testimony given by von Gerhard's attorney, in which he stated, in substance, that he called up the Garden City Foundry Company, and a voice answering he asked, "Is this the superintendent?" and was answered, "Yes;" that the attorney then said to the man answering, "Did you hear anything about the accident which happened to Mr. von Gerhard, special policeman?" and the reply was, "Yes, but I am not the superintendent," and then hung up the receiver. The witness stated positively that he did not know the party to whom he was talking on the phone, and for want of identification of the party to whom he was talking as the superintendent the entire evidence is incompetent on this question. This is all the evidence on the question of notice to the foundry company of the accident, and it did not establish proof of such notice.

For the reasons aforesaid the judgment of the circuit court is reversed and the cause is remanded, with directions to remand the cause to the commission for further proceedings, if the defendant in error shall be so advised.

*Reversed and remanded, with directions.*