TAYLOR v. SMITH ET AL.

[No. 26,904. Filed April 5, 1938.]

*C. Byron Hayes, Otto W. Koenig, Otto E. Grant* and *Edward H. Levine,* for appellant.

*Jacob Weiss, Guy Colerick* and *Chester L. Teeter,* for appellees.

TREMAIN, J.—A requisition was issued by the Governor of the State of New York to the Governor of this state, demanding that the appellee, a fugitive from justice, be arrested and returned to that state to answer to an indictment charging a felony. The Governor of Indiana issued a warrant to the appellant, Captain of Detectives of the Fort Wayne Police Department, for the arrest of appellee. Immediately upon his arrest he filed a verified petition for a writ of habeas corpus in the Superior Court of Allen County, Indiana, that being the county of appellee's residence. He alleged in his

petition that he was not a fugitive from the State of New York, and, at the time of the alleged commission of the crime, was in the State of Indiana, and had never fled from the State of New York. The appellant's return to the writ recited that he held the appellee by virtue of a warrant issued by the Governor of Indiana upon the requisition of the Governor of New York.

A trial was had in which evidence was received upon the part of the appellant to establish the fact that the appellee was in the State of New York at the time of the commission of the felony charged, and was the Charles O. Smith named in the indictment; and upon behalf of the appellee establishing that, at said time, the appellee was in the city of Fort Wayne in the State of Indiana. Upon the question of the presence of the appellee in the State of New York, it is conceded that the evidence is conflicting. No question is presented as to the sufficiency of the requisition issued by the Governernor of New York or as to the warrant issued by the Governor of Indiana. The trial court discharged the appellee. The appellant excepted and appealed to this court.

It is the position of the appellant that, under the present statute, and the issue joined, the question as to whether or not the appellee was in the State of New York at the time of the commission of the crime is not a proper subject of investigation at a trial on a writ of habeas corpus; that the only question to be inquired into is the identity of the appellee as the person named in the indictment returned in the State of New York.

In 1935 the General Assembly of the State of Indiana enacted Chapter 49, Secs. 9-419 to 9-448 Burns' Supp. 1935, §§2049-1 to 2049-31 Baldwin's Supp. 1935, known as the Uniform Criminal Extradition Act. This act materially changed the procedural features in the

habeas corpus law as heretofore existing in this state. Section 2 provides that, subject to the qualifications of this act, the provisions of the Constitution of the United States, and Acts of Congress, it is the duty of the Governor of this state to arrest and deliver to the executive authority of any other state, a person charged in that state with a felony who has fled from justice and is found in this state. Section 3 provides that the requisition shall be accompanied by a copy of the indictment, if one had been found in the demanding state, together with a copy of the warrant issued thereon, duly authenticated. Section 4 provides that the Governor of this state may call upon the Attorney General, or any prosecuting officer, to investigate or assist in investigating the legality of the requisition.

Section 5 provides that the warrant for extradition shall not be issued unless the documents presented by the executive authority making the demand shall show that the accused was present in the demanding state at the time of the commission of the alleged crime, and thereafter fled from the state, except in cases arising under Section 6 of the act; that the accused is now in this state, and is lawfully charged by indictment in the demanding state. Section 6 provides that the Governor of this state may surrender, on demand of the executive authority of any other state, any person in this state, charged in such other state with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand; and that the provisions of this act shall apply to such cases, "notwithstanding that the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

Section 20 reads as follows:

"Guilt or innocence of accused, when inquired into. The guilt or innocence of the accused as to

the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

It is apparent from the record in this appeal that the accused did not file his application for a writ of habeas corpus pursuant to this act, but filed it pursuant to the provisions of the old law. As noted above, he alleged that he had never fled from and was not a fugitive from the State of New York, and, at the time of the alleged crime, was in the State of Indiana. Also, it is evident that the trial was conducted pursuant to the old statute. There is no charge in the petition that the accused is not the person charged with the crime in the State of New York. No evidence was introduced by the accused upon the subject of his identification, but all the evidence introduced by him was upon the question of an alibi—that is, he was in the State of Indiana at the time of the commission of the crime. Upon the hearing the appellant introduced positive evidence that the appellee, Charles O. Smith, is the same Charles O. Smith named in the indictment. It is clear that appellee entirely overlooked Section 20 of the act, which limited the question in this case to one of identity only. Under Section 20, on the issue formed, the trial court was not authorized to receive proof upon any subject except the establishment or denial of the identity of the accused. Evidence received for any other purpose would not be applicable to the issue. Therefore, the identity having been established by appellant, and not denied by the accused, the court was in error in releasing him.

Judgment is reversed with direction to the trial court to sustain the appellant's motion for a new trial.