COOK *v.* RODGER, SHERIFF.

[No. 27,180 and 27,181.  Filed May 8, 1939.]

*Thomas M. Ryan,* and *Robert K. Ryan,* for appellants.
*Pryor & Davidson,* for appellee.

TREMAIN, C. J.—The appellants in the above entitled causes were arrested by the sheriff of Clinton County upon warrants issued by the Governor of the State of Indiana, based upon requisitions of the Governor of the State of Florida, in which it is recited that the appellants are charged with embezzlement in that state and are fugitives from justice.

The Constitution of the United States, Article 4, section 2, provides that a person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered to the state having jurisdiction of the crime. Congress has provided means for carrying out that provision of the Constitution, 18 U. S. C. A., section 662. The State of Indiana, through its General Assembly, chapter 49, Acts 1935 (§9-419, et seq., Burns' Ind. St. 1933, Pocket Supp. §2049-1 Baldwin's Supp. 1935), adopted what is known as the Uniform Criminal Extradition Act. This act liberalizes and changes certain procedural features theretofore existing, and is intended to expedite the execution of the federal provisions. *Taylor* v. *Smith* (1938), 213 Ind. 640, 13 N. E. (2d) 954.

Upon the receipt by the Governor of the State of Indiana of the requisition papers issued by the Governor of

the State of Florida, certified in substantial compliance with, and containing copies of all exhibits required by law, the Governor of Indiana issued a warrant to any sheriff of the State of Indiana commanding the arrest of the appellants. The warrant issued by the Governor contained all the necessary allegations required by the statute in this state and was delivered to the sheriff of Clinton County, upon the receipt of which the appellants were arrested at their home in that county and taken before the judge of the circuit court. Each filed a petition for a writ of habeas corpus. To these petitions the sheriff filed returns in which he embodied as exhibits a copy of the requisition papers sent by the Governor of Florida to the Governor of Indiana, which exhibits contained, among other things, a copy of the information, supported by affidavits, filed against the appellants by a prosecuting officer in which the appellants were charged with having committed the crime of embezzlement under the law of that state, as defined by section 7244, Article 4, Volume 4 of the Compiled General Laws of Florida of 1927. The charge against the appellants, disclosing that they were prosecuted upon information filed in the proper county in the State of Florida, is made and verified as provided by §§8257 and 8258 of the Statutes of Florida, *supra*.

Section 8257 provides:

"All offenses of which said court has jurisdiction shall be prosecuted upon information filed by the county solicitor under oath, and the same rules of practice and pleading that now obtain as to indictments shall obtain as to informations. . . . and such information shall have appended thereto the oath of the county solicitor to the effect following: 'Personally appeared before me, ..............., county solicitor, who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which if true would constitute the offense therein

charged,' which affidavit shall be made by the county solicitor before some person qualified. to administer an oath."

The requisition of the Governor of Florida contains a copy of the warrant issued by him, a certificate by the clerk of the county as to the identity of the judge, and a certificate of the judge of the court as to the identity of the clerk. All the proceedings are duly authenticated and certified to by the Governor of that state.

The appellants charge in their petitions for a writ of habeas corpus that no sufficient charge of a crime is shown, and point out that the crime charged is not founded upon an indictment or an affidavit made before a magistrate. Under the law of the State of Florida it is clear from the statute quoted above that the affidavit of the prosecuting officer, based upon information, sworn to before a person authorized to administer an oath, is sufficient to charge the crime. On a hearing before the court of the petition for a writ of habeas corpus the requisition papers were introduced in evidence containing the facts above indicated. In the absence of anything to the contrary the showing upon that feature of the case would be prima facie and sufficient.

Appellants next contend that the information filed in the State of Florida and the requisition papers disclose that the appellants are prosecuted by their initials instead of their full names; that the appellant James W. Cook is described as J. M. Cook; that the individual members of the firm, from whom it is charged that the funds were embezzled, are described by their initials instead of their full names. This fact is of no legal effect, if, in fact, the appellants are the parties charged with the crime in the State of Florida. It would not matter by what names they were known or described, so long as they were identified by proper proof as the

parties charged. *People* v. *Meyering* (1934), 358 Ill. 589, 193 N. E. 495; *People* v. *Traeger* (1930), 340 Ill. 147, 172 N. E. 168; *People* v. *Jeremiah* (1936), 364 Ill. 274, 4 N. E. (2d) 373; *People* v. *Toman* (1936), 364 Ill. 516, 4 N. E. (2d) 859.

Neither appellant testified that he was not the party charged or was not guilty of the crime. One appellant, James W. Cook, testified that he was not known as J. M. Cook, but he did admit that the two defendants were in the State of Florida and had transactions with the firm charged as having been embezzled of funds by appellants. The sheriff, however, testified that he conversed with both appellants; that they admitted their identity as being the persons charged in the affidavit. The sheriff's testimony is uncontradicted. This was sufficient for the purpose of a hearing upon the petition for a writ of habeas corpus.

Appellants next object to the introduction in evidence of Exhibits 1 and 2. These exhibits were the certified copies of the charges against appellants, together with the warrants issued by the Governor of the State of Florida, duly authenticated and certified by the Governor of that state. There was no error in this ruling.

The last contention of appellants to the effect that there was no showing of their probable guilt is without merit. That is a question to be determined upon their trial, if one is had, in the State of Florida.

It thus clearly appears: First, that the appellants are duly charged with a crime under the laws of the State of Florida; second, that they are properly identified as the persons wanted in that state; and, third, that no error was committed in introducing in evidence copies of the papers contained in the duly authenticated requisition of the Governor of

Florida. Upon this showing the court denied the petitions of appellants and rendered judgments against them. The evidence is sufficient to warrant the findings and judgments of the court.

Judgments are affirmed.