(No. 28935.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELI METCOFF, Plaintiff in Error.

*Opinion filed January 23, 1946.*

SHULMAN, SHULMAN & ABRAMS, (MEYER ABRAMS, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error, upon an information filed in the municipal court of Chicago, was found guilty of violating the provisions of section 1 of an act entitled, "An Act regarding the leasing of dwelling houses, flats and apartments, and defining certain offenses in connection therewith and providing a penalty for the violation thereof." (Ill. Rev. Stat. 1945, chap. 80, par. 37.) He has sued out a writ of error from this court to review the judgment of conviction. His first contention is that said statute violates sections 2, 4 and 14 of article II of the constitution. He further contends that the court erred in the admission of evidence and that the evidence is insufficient to sustain the judgment.

Inasmuch as plaintiff in error challenged the constitutionality of the act on which the prosecution was based in the trial court, by a motion to quash the information and by other appropriate motions and objections, the constitutional question was properly raised to give this court jurisdiction to review the judgment on writ of error. It is, however, the established rule of this court that a constitu-

tional question will not be considered if the case can be decided without doing so. (*People* v. *Chiafreddo,* 381 Ill. 214.) In view of this rule we will first consider the sufficiency of the evidence to support the judgment.

By the information it was charged that plaintiff in error, on April 12, 1945, "was the agent for owner of the building at 3123 West Monroe Street in the City of Chicago and he desiring to rent and lease the apartment on the second floor of said premises did require as a condition precedent to the lease of said apartment that Mrs. Evelyn Thompson at the time of such application, had no children under the age of 14 years residing in her family, and upon finding out that she had in fact three children under the age of 14 years residing in her family did then and there refuse to let the said apartment to the said Mrs. Evelyn Thompson," in violation of said statute.

Mrs. Thompson, the complainant, testified that on April 12, 1945, she called the real estate firm by telephone; that she knew the name of plaintiff in error from her sister-in-law; that she asked for Mr. Metcoff; that someone answered and said he was Mr. Metcoff; that she asked him about an apartment at 3321 Monroe street; that he asked her how many were in the family and she said five; that he said he was sorry, "only to couples with no children;" that later she called the same telephone number; that a girl answered the telephone and she then talked to Mr. Metcoff; that she asked him if the apartment was for rent and he said yes; that he said he was Metcoff; that he said, "I told you yesterday no children; it just wouldn't work out."

This witness did not claim to be acquainted with plaintiff in error or that she knew or was able to identify his voice over the telephone. In order that a telephone conversation may be competent, the party testifying must be able to identify the voice of the person to whom he was speaking or prove that it was over a telephone which was

under his control, or other proof of identity must be made. (*Garden City Foundry Co.* v. *Industrial Com.* 307 Ill. 76.) Here, the witness made no claim that she knew the plaintiff in error or that she was able to identify his voice over the telephone, and no other evidence was offered and no corroborative circumstances appear from which he may be identified as the person to whom she talked. Nor is there anything in her testimony to show that he was the owner, or the agent for the owner, of the building described in the complaint, as located at 3123 West Monroe street. Her testimony is that she talked with someone at the office of the real-estate company concerning an apartment at 3321 Monroe street. She does not claim that she revealed to the person to whom she talked the ages of her children or whether they were under or over 14 years of age. Her testimony falls far short of a proper identification of the person to whom she talked by telephone as plaintiff in error. But, assuming she did talk to plaintiff in error, it does not show that he was either the owner, or the agent for the owner, of the building in which she sought to rent an apartment. Nor is it sufficient to show that he declined to rent her the apartment because she had children under 14 years of age residing in her family, when she did not disclose the ages of her children or give him any information on that subject.

The only evidence tending to corroborate her testimony was a stipulation in the record that if a certain named witness was present he would testify that plaintiff in error "told him he would not rent the place to anyone with children, that there were seven in one flat already, and that was enough, and that the janitor who was employed by him was going to quit if he took any more children in the building." This was wholly insufficient to show a violation of the statute. One of the elements necessary to be proved beyond a reasonable doubt, in a criminal prosecution, is the identity of the accused. *People* v. *Steinbuch,* 306 Ill. 441.

The only other testimony offered was that of the sister-in-law of the complaining witness. She testified that on a prior occasion she went to the same real-estate office for the purpose of renting the same apartment; that plaintiff in error took a $10 deposit from her and told her he was not sure whether she could get the apartment; that about a week after March 22, 1945, plaintiff in error called her up and told her she could not have the apartment, "because she had three children and she told him she had only two children;" that his objection to renting her the apartment was "because she had three children instead of two." This was two weeks before the transaction for which he was being prosecuted occurred. It was clearly a separate transaction from that testified to by the complaining witness and which was charged in the information. This proof of a separate and independent transaction between plaintiff in error and the sister-in-law of the complainant, having no relation whatever to, or connection with, the offense charged and the transaction to which the complaining witness testified, was wholly incompetent and under the most elementary rules of law cannot be considered. *People* v. *Lund,* 382 Ill. 213.

The only answer which the People make to the contention of plaintiff in error that the evidence is insufficient, is that the motion for a new trial was not set out in the abstract. They rely on *People* v. *Abelsky,* 359 Ill. 387. In that case, however, there was a trial before a jury. The same rule does not apply where the trial is before the court. In *People* v. *Tobin,* 369 Ill. 73, no motion for a new trial was filed. We there said: "It has long been the rule in Illinois, in civil cases, that in causes tried by a court without a jury a motion for a new trial is unnecessary to preserve questions of the sufficiency of the evidence. [Citations.] We said in *Mahoney* v. *Davis,* [44 Ill. 288,] 'The judge having once passed upon the evidence, it was not necessary to go through the form of submitting it to

him again by moving for a new trial.' The same reasoning applies with equal force to criminal cases tried by the court without a jury, and, therefore, questions of the sufficiency of the evidence were properly preserved for review though no motion for a new trial was made." The same rule was announced and followed in *People* v. *Hoffman*, 381 Ill. 460. In this case the record shows there was a motion for a new trial. The motion is not, however, set out in the abstract, but this was wholly unnecessary.

The evidence being wholly insufficient to sustain the charge in the information, the court erred in finding plaintiff in error guilty and in imposing a fine upon him for the supposed violation of the statute. This makes it wholly unnecessary to consider the constitutional question. The judgment of conviction cannot be sustained.

The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*