GLUFF *v.* ROULS, SUPERINTENDENT, INDIANAPOLIS POLICE DEPARTMENT ET AL.

[No. 28,540.   Filed March 30, 1950.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*George S. Dailey,* Prosecuting Attorney, *Robert L. Carrico,* Chief Deputy Prosecutor, Nineteenth Judicial Circuit, for appellees.

EMMERT, J.—This is an appeal from a judgment denying relief in two causes for writs of habeas corpus which were consolidated for trial. No cross-errors were assigned. The complaints for the writs charged that appellant was restrained of his liberty by virtue of a warrant issued by the Governor of the State of Indiana upon an "alleged requisition" from the Governor of Ohio charging that appellant was a fugitive from the State of Ohio, and that he was there charged

with committing felonies by the issuance of fraudulent checks.

Many of the errors sought to be presented here have been waived by failure of appellant to present a good faith effort to comply with the rules of this court. At the time this appeal was perfected, Rule 2-17 (g) provided that, "Following that part of the brief headed, 'Propositions, Points and Authorities,' and under the heading 'Argument,' there shall be a discussion elaborating the propositions and points of law and authorities theretofore cited. All argument and elaboration of propositions and application of legal principles and authorities to the questions presented shall be confined to this part of the brief." Subsection (h) of the same rule provided, "Errors assigned and not treated as herein directed shall be deemed to be waived."

The section of the brief devoted to argument in many respects fails to comply with this rule, and about one-half of this part of the brief merely recites the history of the litigation without any "discussion elaborating the propositions and points of law and authorities theretofore cited."

Appellant's contention that the court erred in excluding evidence that the checks alleged to have been given in Ohio were postdated and were given by one partner to the other presents no cause for reversal. Appellant fails to argue the law of Ohio on these subjects, and these were matters of defense to be presented upon the trial of the cause in Ohio. Section 9-438, Burns' 1942 Replacement (§ 20 of Ch. 49 of the Acts of 1935,—Uniform Criminal Extradition Act). *Cook* v. *Rodger, Sheriff* (1939), 215 Ind. 500, 20 N. E. 2d 933; *Taylor* v. *Smith* (1938), 213 Ind. 640, 13 N. E. 2d 954.

Appellant's argument that he was deprived of various constitutional rights by the refusal of the trial court to permit him to offer evidence that he was not within the State of Ohio at the time of the commission of the alleged offenses is not properly presented for the consideration of this court. Such error must first be presented to the trial court in the motion for a new trial. Appellant's motion for a new trial failed to state any question or the substance thereof, asked of any witness, the objection, or the substance thereof, made to such question, the offer to prove, or the substance thereof, and failure to so bring the matter to the attention of the trial court waived the error. *Morris* v. *Nixon* (1946), 117 Ind. App. 106, 67 N. E. 2d 319.

The condensed recital of the evidence in appellant's brief fails to reveal anything defective about the execution of the Governor's warrant issued by the Governor of Indiana. Therefore no error in this respect has been presented.

Judgment affirmed.

Young, J., not participating.

NOTE.—Reported in 91 N. E. 2d 176.