Cyrilla Holland, Appellee, v. Harry J. O'Shea and Lesley E. O'Shea, Appellants.

Gen. No. 45,071.

Opinion filed December 4, 1950. Released for publication December 19, 1950.

LOUIS I. FISHER, of Chicago, for appellants; JOHN L. EAST, JR., of Chicago, of counsel.

EDWARD J. BRADLEY and EDWARD S. COATH, both of Chicago, for appellee; EDWARD J. BRADLEY and EDWARD S. COATH, both of Chicago, of counsel.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Defendants appeal from a judgment for $20,000 entered against them in a personal injury action.

The second amended complaint, on which the case was tried more than eleven years after plaintiff sustained her injuries, alleges that defendants were the owners and possessed of the property described, had placed same in the hands of L. B. Anderson for the purpose of selling it and had left the keys with George May, who resided on or near the land, so that the dwelling thereon might be examined by persons interested in buying; that plaintiff, "at the request and invitation of defendants' agent, L. B. Anderson, entered into said house for the purpose of examining same," and received the injuries complained of because of a defective floor in the building. In their answer defendants deny that at the time alleged by plaintiff they were desirous of selling and disposing of the property; that they had placed it in the hands of Anderson for the purpose of selling it; that Anderson was their agent for any purpose whatsoever, then or at any other time; that they left the key with May, as alleged, and that May was their agent for any purpose whatsoever. They further allege that if Anderson invited and requested plaintiff to enter the house owned by defendants and then under construction, it was without the knowledge, consent or authority of the defendants.

The only evidence tending to establish the alleged agency of Anderson in the sale of the property is the testimony of Anderson, who, as stated in plaintiff's brief, testified "he looked up the number of the O'Shea Employment Agency in the telephone book; that he called the number and asked for Mr. O'Shea; that the party that answered the phone called a man, who said, 'I am Mr. O'Shea' and then gave Mr. Anderson the sale price, the location of the farm, and the requirement of a 10 per cent deposit." This testimony was received over objection. On cross-examination Anderson testified that he didn't remember meeting O'Shea and

would not know if he had heard his voice before he put in the telephone call for him; that he made several calls later, in April or May. O'Shea denies having had any telephone conversation or correspondence with Anderson or listing the property with him for sale. It further appears from the testimony of O'Shea and his wife that following an automobile accident they were in the Sacred Heart Sanitarium at Milwaukee from the fall of 1937 to February 26, 1938, when they came to Chicago, stopping at the Stevens Hotel, and the next day went to Cincinnati for several weeks and then to Asheville, North Carolina, where they remained for three months before returning to Chicago.

■■ In determining the admissibility of telephone conversations a distinction is made between a person to person and person to company call. In *Godair v. Ham Nat. Bank,* 225 Ill. 572, the court quoted with approval from *Wolfe v. Missouri Pac. Ry. Co.,* 97 Mo. 473, as follows:

"When a person places himself in connection with the telephone system through an instrument in his office, he thereby invites communication, in relation to his business, through that channel. Conversations so held are as admissible in evidence as personal interviews by a customer with an unknown clerk in charge of an ordinary shop would be in relation to the business there carried on. The fact that the voice at the telephone was not identified does not render the conversation inadmissible."

In *Korch for use of Doody v. Indemnity Ins. Co. of North America,* 329 Ill. App. 96, the court said:

"The rule enunciated in the *Godair* case has never been overruled or modified, and has generally been followed in this State. The essence of that rule is that anyone who answers a telephone call at a place of busi-

ness is presumed to speak for the company *in respect to the general business carried on by such company."* (Emphasis added.)

To the same effect are *Bates v. Cronin,* 196 Ill. App. 178, and *Trapp v. Rockford Elec. Co.,* 186 Ill. App. 379. The rule stated in these cases has no application to the telephone conversation in the instant case. Anderson called the O'Shea Employment Agency. His alleged conversation was not "in respect to the general business carried on by such company," but in respect to the private or personal affairs of O'Shea and his wife. Conversations with a person in charge of the office in respect to such affairs would not be admissible against O'Shea because they would be beyond the apparent scope of his authority. Anderson asked for O'Shea, thereby making a person to person call. On such calls recognition of the voice of the person called is indispensable. In *People v. Metcoff,* 392 Ill. 418, the complainant testified that she called the real estate office and asked for Mr. Metcoff and someone answered the phone and said he was Mr. Metcoff. The witness did not claim that she knew Metcoff or that she was able to identify his voice over the telephone. The court, citing *Garden City Foundry Co. v. Industrial Commission,* 307 Ill. 76, held that the testimony "falls far short of a proper identification of the person to whom she talked by telephone as plaintiff in error."

■ The judgment is reversed and the cause remanded with directions to grant a new trial and for further proceedings not inconsistent with this opinion.

*Reversed and remanded with directions.*

TUOHY and FEINBERG, JJ., concur.